Martin *v.* McFall.

---

JOHN H. MARTIN

*v.*

CHARLES McFALL.

[Filed January 5th, 1904, as of October 19th, 1903.]

Attempts by members of a labor union to compel an employer to accede to the demands of the union as to the mode of doing his business by persuading or inducing others not to deal with him is unlawful, and will be enjoined.

---

On motion to dissolve injunction.

*Mr. Benjamin W. Ellicott,* for the complainant.

*Mr. Joseph A. Beecher,* for the defendant.

Martin *v.* McFall.

PITNEY, V. C.

As this case is set for final hearing in the near future, I deem it unwise to express any final or definite opinion on the questions argued on the order to show cause so far as relates to the facts in this case.

Some matters, however, seem to be quite well settled:

*First.* That all sorts of laborers may lawfully combine and form what are known as "labor unions" for their mutual benefit, and that they may use all lawful means to promote their own interests, being careful in so doing not to infringe on the rights of others.

*Second.* One lawful means to that end is the refusal to work on the terms offered by the employer.

*Third.* An unlawful means is to hinder or prevent others from working for an employer on such terms as they shall see fit.

*Fourth.* One means of such hindering and preventing is, in various ways, to render it either *difficult* or *uncomfortable* for such willing workmen so to work. This is unlawful.

*Fifth.* Another unlawful means in common use to hinder or prevent willing employes in working and to compel employers to accede to terms, which they would not otherwise adopt, is the *boycott* in its various forms. This, in whatever form it assumes, is unlawful.

Applying these principles to the present case, it is unlawful for the defendants to attempt to induce or compel complainant to adopt a particular mode of doing his business by persuading or inducing other persons not to deal with him; it is unlawful, by such means, to punish him for refusing to accede, in respect to the conduct of his business, to the demands of the union.

McFall denies that he has done, or intends doing, anything of the kind. The affidavits on the subject are contradictory, and in view of the well-known fact that the boycott, such as that against which the bill is aimed, is one of the most usual, and, in fact, almost the only, means by which the defendants can enforce their demands, I cannot say that complainant is in no danger of being injured. Besides, if McFall and his agents, &c., do not intend to do the things forbidden by the restraining

order, then the order will do them no harm.  It does not operate to hinder or delay any work or business enterprise, nor, according to my present view, does it infringe upon the liberty of the individual.

The restraint will be continued until final argument; costs to abide the event of the suit.

Afterwards, on June 25th, 1903, the case came on for·final hearing, and witnesses were sworn on both sides.

The evidence on the part of the defendants satisfied me that members of the defendant association entertained a decided intention to institute a formal boycott against the complainant, and were prevented from so doing by the restraining order issued in this cause.