[S. F. No. 4194. In Bank.—July 12, 1906.]

GOLDBERG, BOWEN & COMPANY, Respondent, v. STABLEMEN'S UNION, LOCAL No. 8760, T. F. FINN et al., Appellants.

Injunction—Boycott—Intimidation of Employees and Customers.—A court of equity will enjoin a combination and conspiracy of a local union to boycott plaintiff's business, which has had the purpose and effect, by means of pickets and placards maintained in front of plaintiff's place of business, to intimidate other employees and the patrons and customers of plaintiff who may desire or attempt to do business with plaintiff.

Id.—Inadequate Remedy at Law.—It is clear that the remedy at law in such case is inadequate, both in respect to the recovery of damages and in respect to the continuing and irreparable nature of the injury which is not capable of admeasurement according to legal principles.

Id.—Injunction too Broad—Expression of Opinion—Slander—Disconnected Acts.—An injunction is too broad which restrains the defendant from the mere expression of opinion at any time and place as to plaintiff and its business, and which would at the worst only consist of slander, which could not be reached in this form of action, and which restrains acts not connected with or incidental to the main acts properly enjoined; and the injunction will be modified in those respects.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Henry B. Lister, for Appellants.

Bush Finnell, for Respondent.

McFARLAND, J.—This is an action for injunction to restrain the defendants, who are members of the Stablemen's Union, Local No. 8760, from doing certain alleged damaging acts to plaintiff, which acts are mostly connected with what is called a "boycott" of plaintiff's business by the defendants. A demurrer on the general ground that the complaint does not state facts sufficient to constitute a cause of action, and also on some special grounds, was interposed by defendants. The demurrer was overruled; and defendants declining to

answer, judgment was rendered for plaintiff. From this judgment defendants appeal.

We see no merits in the special grounds of demurrer, and do not deem it necessary to specially notice them. The main question is whether the complaint states facts sufficient to constitute a cause of action.

The plaintiff was a corporation, and at the time mentioned in the complaint was engaged, at its places of business, "in selling groceries and general household goods to various patrons and customers with whom it had established business relations, and with the public in general, upon whose patronage and trade plaintiff depends for its existence." Its places of business were No. 432 Pine Street, and No. 232 Sutter Street, in the city and county of San Francisco. It also had a place at No. 965 Sutter Street which was used as a stable, in which the horses and vehicles used in carrying on its business were kept and cared for. It is averred that in September, 1904, defendants notified plaintiff at its place of business, No. 432 Pine Street, that plaintiff must continue to pay certain wages to its employees at said stable, or defendants would order a strike and cause all of the union stablemen employed by plaintiff, of whom there were many, to quit plaintiff's employment. On or about October 3, 1904, plaintiff notified defendants that it would not comply with said demand, but would exercise the right to pay its said employees what employees in the same kind of work were receiving from their employers. It is further averred that thereupon, and on or about said October 3, 1904, "the said defendants entered into a combination, confederation and conspiracy, for the purpose of coercing plaintiff to subject the control of its business to the said Stablemen's Union, Local No. 8760, and the members thereof, by inaugurating and declaring a boycott on the said business of said plaintiff, and thereupon and on the 3d day of October, 1904, in pursuance of said unlawful combination, confederation and conspiracy, placed and continue to place, representatives or pickets in front of the places of business of plaintiff, carrying placards or transparencies which are false in fact, bearing the words and figures as follows, to wit: "Unfair firm; reduced wages of employees 50c per day. Please don't patronize."

It is further averred "that subsequent to the 3d day of

October, 1904, and since the said boycott so ordered as aforesaid by said Stablemen's Union, Local No. 8760, the said Stablemen's Union and the members thereof have conspired, confederated and combined among themselves and with other parties to the plaintiff unknown, and will continue to conspire, confederate and combine among themselves and with other parties to the plaintiff unknown, to provide means and methods for impeding the plaintiff in the conduct and transaction of its aforesaid business, to interfere with employees, not members of said union, employed by said plaintiff, who are engaged in a line of work other than that of stablemen, and to greatly impede and obstruct the plaintiff in carrying on its aforesaid business, and by threats and intimidations by reason of maintaining pickets or representatives in front of the said places of business of plaintiff, compel and force said employees engaged in other lines of work than that of stablemen to quit the services of plaintiff.''

It is further averred ''that the defendants in furtherance of their said combination, confederation and conspiracy, have placed and continue to place in front of the aforesaid places of business of plaintiff said representatives or pickets, and that said representatives or pickets are for the purpose of not only inducing but intimidating the non-union employees of plaintiff to quit its service, and are for the purpose of intimidating patrons and customers of plaintiff who may desire or attempt to do business with the said plaintiff.'' It is further averred that by means of said representatives and pickets placed in front of plaintiff's said places of business bearing the placards and transparencies above described, ''many patrons and customers of said plaintiff have been and now are frightened and intimidated from entering the places of business of plaintiff.'' It is further averred ''that the said pickets or representatives are still engaged in the acts herein complained of, and threaten to continue the commission of the acts and each of the said acts to the irreparable damage and injury of this plaintiff, and that by reason of and by consequence of the acts herein set forth, plaintiff has already been damaged in the sum of $500.00, and if the said acts still continue, and the said defendants threaten to continue the said acts as hereinbefore alleged, plaintiff will be irreparably damaged, and his business will be greatly injured, if not de-

stroyed." It is further averred that defendants and each of them are financially irresponsible and unable to respond in damages to any judgment against them on account of the commission of the acts alleged to have been committed and threatened to be committed by them.

We think that the complaint clearly states facts sufficient to constitute the cause of action alleged. It is not necessary here to undertake to define the limits within which a number of persons conspiring for the purpose of injuring the business of another may legally do acts tending to accomplish that result. It is averred in the complaint that in the case at bar, and for the purpose above stated, and with intent to threaten and intimidate employees and patrons and customers of plaintiff, the said defendants do keep immediately in front of plaintiff's place of business, and threaten to so keep there, representatives and pickets bearing the placards and transparencies above set forth, and that by said means they have intimidated patrons and customers of plaintiff from entering said place of business, and will, if not restrained, continue to so intimidate the said patrons. It cannot be successfully contended that the said acts of defendants committed immediately in front of plaintiff's place of business as aforesaid, could not, in the nature of things, have had the effect of intimidating plaintiff's patrons, and as it is averred that they did have that effect, the fact of such intimidation must, for the purposes of this case, be considered as established. And such acts, having such effect, undoubtedly interfered with and violated plaintiff's constitutional right to acquire, possess, defend, and enjoy property. In many cases cited in respondent's brief a "boycott" was enjoined without reference to the means used to carry it into effect; as, for instance, in *Oxley Stave Co.* v. *Coopers' etc. Union*, 72 Fed. 695, it was held that "A boycott by the members of trades unions or assemblies (which term in law implies a combination to inaugurate and maintain a general proscription of articles manufactured by the party against whom it is directed) is unlawful and may be enjoined by a court of equity." But there is no necessity to go that far in the case at bar; here the alleged acts tended directly to intimidate customers, and did intimidate them. That in such a case the threatened acts will be enjoined has been frequently held. In *Allis Chalmers Co.* v. *Reliable*

*Lodge,* 111 Fed. 264, the court said: "That a conspiracy existed among a number of these officers and members to stop and thereby injure the business of complainant by intimidation and violence is evident. . . . These being the facts in the case, the law is clear and emphatic. The jurisdiction being established, is there any doubt as to whether the court should, in this case, grant the temporary injunction prayed for? I am clear there is not. As now presented, the court must grant the writ, in broad and unmistakable terms, commensurate with the exigencies of the situation, as shown by the facts and evidence upon this proceeding. To do so will work no hardship, nor will it even hamper the actions of any law-abiding person. Indeed, no one without purpose to commit an unlawful act could be affected thereby." In *United States* v. *Haggerty,* 116 Fed. 510, the court said: "This court, however, has heretofore, upon repeated occasions, recognized the power of the court to issue injunctions in cases where there is a combination and conspiracy upon the part of any class of people to prevent them from interfering with the business of others." In *Frank* v. *Herrold,* 63 N. J. Eq. 443, [52 Atl. 152], the court said: "Now, then, I think it is quite clear from what I have said that these defendants had no right to use the means which are forbidden by the restraining order now brought in question to prevent these operatives from continuing to work for the complainants, and that in doing so they are inflicting an injury upon the complainants, in respect to their private rights, precisely the same as they would if they broke, interfered with or clogged the engine that drove their machinery, and that for such injury the complainants are entitled to a legal remedy by action. Now this being so, the next question is, what right have the complainants here in this court asking for the restraining power of the court? Why, the answer to this is twofold: First, it is quite clear that the relief in damages to be recovered in an action at law is entirely inadequate. It is quite absurd to say that they can sue each of these persons, and recover damages against them in separate suits, for every little act which in the aggregate tends to result in injury. And, in the second place, the injury is continuing and irreparable, and not capable of admeasurement according to legal principles. So that at law the remedy is entirely inadequate. It

is, therefore, a clear case for the interposition of a court of equity to exercise its preventive remedy, and that is the particular sphere at this day of a court of equity, as contradistinguished from a court of law." There are many other cases to the same effect decided in England, and in many of the American states. Appellants cite *Davitt* v. *American Bakers' Union,* 124 Cal. 99, [56 Pac. 775]; but in that case it was merely held that the complaint was defective because it dealt wholly in "generalities, presumptions and conclusions," and stated no "specific overt acts" done for the purpose of carrying out the alleged conspiracy. That case, therefore, does not apply to the case at bar, for here the specific acts are alleged.

Appellants make the bare statement, without argument, that "an injunction in this case is also specifically forbidden by Penal Code, page 581." The section of an act of the legislature there referred to, is somewhat difficult of construction; but, in the first place, it cannot, in our opinion, be construed as undertaking to prohibit a court from enjoining the main wrongful acts charged in the complaint in this action; and, in the second place, if it could be so construed, it would to that extent be void because violative of plaintiff's constitutional right to acquire, possess, enjoy and protect property.

It is contended by appellants that the judgment rendered in this case is too comprehensive, and enjoins them from doing some acts which are not within the averments of the complaint, or within the principle, even if conceded to be correct, upon which the court below based its conclusion. We think that this contention must be sustained, to the extent at least as is hereinafter stated. Some parts of the judgment seem to enjoin appellants from the mere expression of an opinion at any time or place as to plaintiff and its business, which would, at the worst, consist only of slander, which could not be reached in this form of action, and seem to restrain them from doing other things which do not appear to be connected with or incidental to the main acts and threatened acts done at and in front of plaintiff's said places of business as above stated. The judgment must, therefore, be modified so as to eliminate those objectionable parts.

The judgment, after the first paragraph thereof, is amended

and modified so as to read as follows: ''Now, therefore, it is ordered, adjudged and decreed that the Stablemen's Union, Local No. 8760 of San Francisco, T. F. Finn, T. J. White, and all and each of the defendants herein, and each of their officers, members, agents, clerks, attorneys, and servants be, and they are hereby enjoined and restrained from interfering with, or harassing or obstructing plaintiff in the conduct of its business at any of its said places of business No. 432 Pine Street, No. 232 Sutter Street, and No. 965 Sutter Street in the city and county of San Francisco, state of California, by causing any agent or agents, representative or representatives, or any picket or pickets, or any person or persons, to be stationed in front of or in the immediate vicinity of said places of business, with a placard or transparency having on it the words and figures as alleged in the complaint herein, or any placard or transparency (having words or figures) of similar import, and from, at said places of business, or in front thereof, or in the immediate vicinity thereof, by means of pickets or transparencies, or otherwise, threatening or intimidating any person or persons transacting or desiring to transact business with said plaintiff, or being employed at said place or places by the plaintiff.'' And as thus amended and modified the judgment will stand affirmed.

Shaw, J., Lorigan, J., Sloss, J., Angellotti, J., Henshaw, J., and Beatty, C. J., concurred.