[Civ. No. 2523.   First Appellate District, Division One.—December 4, 1918.]

## SAMUEL ROSENBERG, Appellant, v. RETAIL CLERKS' ASSOCIATION, etc., et al., Respondents.

Boycott—Right of Strikers.—While coercion, menace, or intimidation cannot be resorted to for the purpose of enforcing a boycott, strikers have an unquestionable right, where no contractual obligation interferes, to present their cause by peaceful persuasion and argument.

Id.—Picketing — Injunction.—Equity will enjoin striking employees who have established a boycott against their former employer, from maintaining a picket about his place of business, upon the ground that a picket in its very nature tends to and does accomplish its object by the illegitimate means of physical intimidation and fear.

Id.—Action to Enjoin Boycott—Judgment.—In an action for an injunction against a labor organization and others to prevent them from harassing or obstructing plaintiff in the operation and con-

duct of his business, where it is found that the acts complained of were committed, judgment should be rendered in accordance with the prayer of the complaint, declaring that such acts constituted a threat or menace against plaintiff's customers and enjoining a continuance thereof, and a judgment merely prohibiting interference with or obstructing plaintiff in the conduct of his business by means of threats, menace, or intimidation is too general.

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

E. M. Rosenthal for Appellant.

Grant R. Bennett for Respondents.

THE COURT.—Plaintiff herein sought and obtained an injunction against defendants, the Retails Clerks' Association and others, preventing them from harassing or obstructing him in the operation and conduct of his business. Being dissatisfied with the form and extent of the judgment, plaintiff has appealed therefrom, and he claims that such judgment does not afford him the particular and specific relief prayed for by him in his complaint, and that it is not as favorable to him as the findings of the court warrant.

The record consists of the judgment-roll alone. The complaint charges that the defendants, in pursuance of a confederation and combination among themselves, attempted to injure and ruin plaintiff's business by placing and maintaining immediately in front of his store, pickets wearing badges, who accost and call out to possible patrons and persons passing by ''This is an unfair house; it is unfair to organized labor. Don't patronize it.'' It is further alleged that by the presence of said pickets and the statements made by them, many of plaintiff's patrons have been intimidated, and in consequence thereof have ceased to and have refrained from patronizing him, and that they will continue so to do as long as such pickets are maintained in the immediate vicinity of plaintiff's store, to his irreparable damage, the defendants being financially irresponsible. The prayer of the complaint asks that defendants be restrained and enjoined from further commission of the acts complained of.

The answer consists of general denials. After trial the court announced "that permanent injunction issue in the form of the modified order made as reported in Goldberg, Bowen case, 149 Cal. Rep., at page 435."

Thereafter findings of fact and conclusions of law and judgment were presented by plaintiff and adopted by the court, with the single exception of a finding to the effect that the conduct complained of intimidated customers and constituted a threat or menace. The judgment as given restrained defendants from interfering with, harassing, or obstructing plaintiff in the conduct of his business by means of threats, menaces, or intimidation through pickets in or about plaintiff's place of business.

It is the claim of plaintiff that the judgment as given means nothing and is without force, for the reason that the acts complained of are not found by the court to constitute either a threat, menace, or intimidation, and that he is entitled to a judgment upon the issue that patrons were intimidated by the admitted utterances of the pickets, and on account of such intimidation refrained from patronizing him. It is for this reason that the claim is made that the judgment is not supported by the findings and should be set aside.

The question presented involves the subject of peaceful picketing. The right of united labor to enforce a boycott by means of peaceable, oral persuasion, and to induce those sympathetic with such a cause to refrain or withhold their patronage from an employer, is one that has received extended consideration from the courts, and the decisions upon the subject are widely divergent. This principle, however, is not one of first impression in this state. The manner and extent to which organized labor may strike, the means that may be employed in furtherance thereof, and the respective rights of employer and employee, are subjects which have received elaborate consideration by our supreme court. (*Parkinson* v. *Building Trades Council,* 154 Cal. 581, [16 Ann. Cas. 1165, 21 L. R. A. (N. S.) 550, 98 Pac. 1027] ; *Pierce* v. *Stablemen's Union,* 156 Cal. 70, [103 Pac. 324] ; *Goldberg-Bowen* v. *Stablemen's Union,* 149 Cal. 429, [117 Am. St. Rep. 145, 9 Ann. Cas. 1219, 8 L. R. A. (N. S.) 460, 86 Pac. 806].) It is unnecessary to discuss the principles reviewed and established in these cases, it being sufficient for the purposes of this case to say that while coercion, menace, or intimidation cannot be

resorted to for the purpose of enforcing a boycott, strikers have an unquestionable right, where no contractual obligation interferes, to present their cause by peaceful persuasion and argument. The question whether picketing is a peaceful and lawful means is one that has also received frequent judicial consideration. The cases in different jurisdictions are not harmonious upon the question. Some of the courts have recognized, or at least do not deny, that picketing may not be unlawful. The weight of authority, however, and the growing tendency, is to accept the contrary view, and to regard picketing as inherently illegal, for the reason that it is inseparably associated with acts that are indisputably illegal. Accordingly, it has been held that there is no such thing as peaceful picketing any more than there can be peaceful mobbing (*Atchison etc. Ry. Co.* v. *Gee,* 139 Fed. 582). In harmony with this view is the conclusion reached by our supreme court in *Pierce* v. *Stablemen's Union,* 156 Cal. 70, [103 Pac. 324], where it is held that equity will enjoin striking employees who have established a boycott against their former employer, from maintaining a picket about his place of business, upon the ground that a picket in its very nature tends to and does accomplish its object by the illegitimate means of physical intimidation and fear. (See, also, *Commonwealth* v. *Hunt,* 4 Met. (Mass.) 111, [38 Am. Dec. 346]; *Barnes* v. *Chicago Typographical Union,* 232 Ill. 424, [13 Ann. Cas. 54, 14 L. R. A. (N. S.) 1018, 83 N. E. 940]; *In re Langell,* 178 Mich. 305, [50 L. R. A. (N. S.) 412, and note, 144 N. W. 841].)

This being so, it follows that as the trial court found that defendants committed the acts complained of judgment should have been rendered in accordance with the prayer of the complaint, declaring that such acts constituted a threat or menace against plaintiff's customers, and defendants should have been enjoined against a continuance thereof. This was the issue raised by the pleadings; and the finding having been in plaintiff's favor he was entitled to a judgment declaring that his patrons were intimidated by the admitted acts, and on account of such intimidation were restrained from patronizing him. Under the judgment as rendered, defendants being merely prohibited from interfering with or obstructing plaintiff in the conduct of his business by means of threats, menace, or intimidation, plaintiff would be compelled in order to enforce

his judgment to institute proceedings upon a charge of violating the injunction on the assumption that the acts complained of came within its terms. This was the only issue in the present case, and it should have been finally disposed of by the judgment.

From what we have said it follows that the judgment appealed from is too general in its terms and does not answer the requirements of the findings. It is therefore ordered that the lower court modify its judgment by entering one in favor of plaintiff in accordance with the findings of the court and in conformity with the views herein expressed, and with this modification the judgment is affirmed.