MAURICE RENTNER, Appellant, *v.* MORRIS SIGMAN, Individually and
as President of the INTERNATIONAL LADIES GARMENT WORKERS
UNION, an Unincorporated Association Having over Seven Mem-
bers, Defendant, Impleaded with JOSEPH FISH, Individually and
as Treasurer of the JOINT BOARD OF CLOAK, SKIRT, DRESS AND
REEFER MAKERS UNIONS OF GREATER NEW YORK, an Unincor-
porated Association Having over Seven Members, and Another,
Respondents.

First Department, April 20, 1926.

Trade unions — strikes — picketing — temporary injunction restraining
picketing absolutely at plaintiff's place of business should have been
granted.

A motion by the plaintiff for a temporary injunction restraining the defendants
absolutely from posting pickets at the plaintiff's place of business, it appearing
that plaintiff's employees were on strike, should have been granted by the trial
court, since it appears that the picketing by the defendants was not peaceful
nor intended so to be and was the natural result of articles in a newspaper issued
by one of the defendant labor unions.

APPEAL by the plaintiff, Maurice Rentner, from an order of the
Supreme Court, made at the New York Special Term and entered
in the office of the clerk of the county of New York on the 29th
day of March, 1926, granting plaintiff's motion for an injunction
*pendente lite* so far as to enjoin and restrain defendants from main-
taining more than six pickets at the main entrance of the building
in which plaintiff's factories are located and four pickets at each of
the side entrances to said building, and denying in all other respects
plaintiff's motion to enjoin and restrain the defendants and all
persons acting in aid and conjunction with them from picketing
plaintiff's place of business or otherwise interfering with plaintiff
and his workers.

*William Klein* [*Milton R. Weinberger* and *Jerome Weinstein* with
him on the brief], for the appellant.

*Morris Rothenberg,* for the respondents.

PER CURIAM. The riotous acts attending the picketing of the
plaintiff's shop and the general course of conduct of the defendants'
members towards him establish that the picketing heretofore carried
on in this case was not peaceful, nor intended so to be.   The learned
court at Special Term properly found herein that " it appears
quite clearly that large numbers of strikers and their sympathizers
assemble daily at the various entrances of the very large building
in which plaintiff occupies a portion of two floors, and by the

calling of epithets and their mere presence in large numbers interfere with the employees of the plaintiff when going to and returning from their work, to an extent which constitutes an unjust invasion of plaintiff's rights in the legitimate carrying on of his lawful business." (126 Misc. 781.)

This finding of fact in itself, coupled with the fact that the acts so done were the natural result of the provocatory articles in the newspaper issued by the official organ of the International Ladies Garment Workers Union, the organ of the employees in the industry in which all the parties hereto are interested, would require the granting of the relief asked. The learned court in its opinion referred to the fact that there was danger that such disorderly outbreaks as had occurred herein might occur again.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements to the appellant, and the motion for injunction granted.

Present — CLARKE, P. J., DOWLING, FINCH, McAVOY and MARTIN, JJ.

Order reversed, with ten dollars costs and disbursements, and motion for injunction *pendente lite* granted.