LEVY & DEVANEY, INCORPORATED, vs. INTERNATIONAL POCKETBOOK WORKERS UNION ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued October 23d, 1931—decided February 16th, 1932.

*Frank L. Wilder* and *Henry E. Shannon,* for the appellants (defendants).

*Maurice E. Resnick,* for the appellee (plaintiff).

BANKS, J. The plaintiff is a manufacturing corporation operating a plant in Bridgeport which it has at all times conducted as an open shop, employing both union and non-union help. Shortly after the plaintiff began business in Bridgeport, the defendant Union opened negotiations in an effort to induce it to unionize its factory, and upon its failure to do so called a

strike in the factory, the only issue between the plaintiff and the defendant Union being the right of the former to maintain an open shop. Prior to the calling of the strike, the plaintiff had in its employ about sixty-five men and women of whom about twenty-five left at the time of the strike, and it was thereafter, up to the time of the issuance of the temporary injunction, unable to retain more than thirty-five employees. At the time of the strike the plaintiff was producing about twenty gross of pocketbooks each week but thereafter could produce not more than ten gross, was obliged to cancel many orders, and lost business to the amount of $50,000. After the strike was called two pickets were stationed in front of the factory between the hours of 7:30 A.M. and 6:00 P.M. who walked up and down, each having on his breast a small sign bearing the inscription "There is a strike at Levy & Devaney—International Pocketbook Workers Union, affiliated with the American Federation of Labor." Groups of strikers, varying in number from six to twenty, gathered about the plant when the employees were going to and from work, and as the latter passed such groups they would receive black and threatening looks. Employees were followed to and from their work on various occasions, and certain of them required police officers to escort them to and from their homes. No physical violence was used by the defendants but the court found that the plaintiff's employees were in fact intimidated, and held that the acts of the defendants were sufficient to make their picketing unlawful.

The evidence does not warrant any material correction of the subordinate facts found by the court, but the defendants contend that upon those facts the court could not reasonably find that the conduct of the defendants was such as to constitute intimidation or

coercion. This contention is based upon the assumption that intimidation or coercion cannot be found to exist in the absence of actual physical violence or express threats of physical injury to person or property. Such assumption is not well founded. To intimidate is to inspire with fear, to overawe or make afraid. Fear may be inspired without physical violence or spoken threats, moral intimidation may be accomplished by a menacing attitude and a display of force which may coerce the will as effectually as actual physical violence. The gathering of strikers in considerable numbers at the entrance of a factory with threatening attitude toward employees, who must run the gauntlet of a hostile picket line in going to and from work, may overawe and make them afraid by a show of force which itself is intimidating. The well considered authorities all hold that the conduct of a strike may be such as to constitute intimidation though there is no use of force or physical violence. *State* v. *Stockford,* 77 Conn. 227, 237, 58 Atl. 769; *Vegelahn* v. *Gunter,* 167 Mass. 92, 44 N. E. 1077; *Jefferson & Indiana Coal Co.* v. *Marks,* 287 Pa. 171, 134 Atl. 430; *Pierce* v. *Stablemen's Union,* 156 Cal. 70, 103 Pac. 324; *Keuffel & Esser* v. *International Asso. of Machinists,* 93 N. J. Eq. 429, 116 Atl. 9; *Bomes* v. *Providence Local No. 223,* 51 R. I. 499, 155 Atl. 581; *Truax* v. *Corrigan,* 257 U. S. 312, 42 Sup. Ct. 124; 7 Labatt's Master & Servant, (2d Ed.) § 2706; 1 Eddy on Combinations, § 538; Cogley on Strikes & Lockouts, 292; 32 C. J. pp. 166, 182. The acts and conduct of the defendants were intimidating and coercive. Employees of the plaintiff were followed to and from their work. When entering and leaving the factory they were compelled to pass groups of strikers who gave them black and threatening looks. These groups at times contained as many as twenty strikers, while

the whole number of employees retained by the plaintiff did not exceed thirty-five. This was a display of force which, with the inscriptions on the placards carried by the pickets indicating that the whole power of the American Federation of Labor was back of this strike, was well calculated to overawe and intimidate. It could have had no other purpose and actually had such effect, some of the employees requiring police escort to and from their homes.

The court rightly held that such picketing was not peaceful and was unlawful. In the furtherance of a lawful strike the strikers may use peaceful persuasion to induce other workmen to join them in the strike. The boundary between lawful and unlawful conduct is that between peaceful persuasion and intimidation. Some courts have held picketing to be lawful if strictly and in good faith confined to the purpose of gaining information as to what persons remain in the employment or are seeking employment, and of peacefully persuading such persons, if not under contract, to leave the employment or not to enter it. Others have said that the term "picket" indicates a militant purpose inconsistent with peaceful persuasion, that picketing has for its purpose the backing up of persuasion with a show of physical force, and almost inevitably tends to intimidation and violence so that the phrase "peaceful picketing" is a contradiction in terms. Here, as we have seen, the acts and conduct of the defendants were actually intimidating and coercive, and such as would be held unlawful in any jurisdiction.

This disposes of what the defendants say in their brief is the only question involved in the case. The court reached the conclusion that the defendants by their unlawful conduct had forfeited the right to picket the factory, and enjoined them "from maintaining or taking part in the system of picketing the factory of

the plaintiff." The defendants claimed that the temporary injunction should be modified so as to permit the defendants to use peaceful persuasion and to lawfully picket the plaintiff's factory. The temporary injunction was modified so that the defendants were not deprived of their right of peaceful persuasion, but the court held that, having abused that right, they should be enjoined from maintaining the system of picketing. In this it was clearly right. An injunction is granted with reference to what there is reason to expect in its absence. When picketing is so unlawful as to indicate that the defendant does not intend to use his rights in a lawful manner, a court may reasonably expect that such unlawful conduct will continue, in the absence of an injunction, and in such case it is within the discretion of the trial court to enjoin further picketing altogether. *United Shoe Machinery Corporation* v. *Fitzgerald,* 237 Mass. 537, 130 N. E. 86; *Rice, Barton & Fales Machine & Iron Foundry Co.* v. *Willard,* 242 Mass. 566, 136 N. E. 629; *Exchange Bakery & Restaurant, Inc.* v. *Rifkin,* 245 N. Y. 260, 157 N. E. 895; *Nann* v. *Raimist,* 255 N. Y. 307, 174 N. E. 690, 73 A. L. R. 669; *Rentner* v. *Sigman,* 215 N. Y. Supp. 323, 216 App. Div. 407; *Marks Arnheim, Inc.* v. *Hillman,* 189 N. Y. Supp. 369, 198 App. Div. 88. In *Nann* v. *Raimist, supra,* the court said (p. 315): "Whether the trial court in view of this record of defiance, would give the defendant still another chance to picket peacefully and in order, was something to be determined in the exercise of a wise discretion. This court may not interfere except for manifest abuse." The court did not err in enjoining the defendants "from maintaining or taking part in the system of picketing the factory of the plaintiff."

There is no error.

In this opinion the other judges concurred.