E. M. LOEW'S ENTERPRISES, INC.

vs.

INTERNATIONAL ALLIANCE OF THEATRICAL
STAGE EMPLOYEES, ET AL.

Superior Court        Hartford County        File #56547

Present:   Hon. EDWIN C. DICKENSON, Judge.

Joseph X. Friedman,          Attorney for the Plaintiff.

Spellacy & Yeoman,           Attorneys for the Defendants.

**MEMORANDUM FILED AUGUST 24, 1937.**

DICKENSON, J. The complaint of the petitioner is that the defendant associations cause pickets with placards bearing the statements, "Labor Trouble in this theatre with members of International Alliance of Theatrical Stage Employees and Motion Picture Machine Operators of the U. S. and Canada, No. 486, affiliated with American Federation of Labor", and "This Theatre does not employ union motion picture operators affiliated with the Hartford Chapter of the A. F. of L." to pass and repass in front of the petitioner's theatre during its business hours.

There are further allegations that these pickets have interfered with, have molested patrons of the theatre and have sought to lead the patrons to understand the plaintiff's employers are not regularly affiliated with a labor organization.

It is further claimed the picketing is without cause in that the plaintiff has contracted with the Motion Picture Projectionists' Club of New England and is "bound thereby."

A final claim is that such picketing constitutes a nuisance.

The petitioner claims to have been injured by such conduct in loss of business and that it will suffer irreparable damage if it is not enjoined.

There is no evidence that the petitioner's patrons have been molested or interfered with, and the case resolves itself into a question of whether the carrying of the placards referred to is a violation of the petitioner's rights which entitle it to equitable relief by way of injunction.

Of the two statements complained of the truth of the second, that the petitioner does not employ members of the defendant unions, is admitted, and the falsity of the first, that there is labor trouble with members of the defendant union, has not been established.

Simply stated the facts are the plaintiff contracted with the Projectionists' Club of New England, Inc. (Plaintiff's Exhibit A) to employ only members of that organization in its projection booth and then tried to induce the projectionists already in its employ to join that organization. Any altruistic motive such as concern for its employees can hardly be seen in this move... The defendants suggest the "Club" was the creature of the plaintiff. While this is not established, the fact remains that the plaintiff picked its own "union" with no initiative of its employees, and did so presumably for

business reasons.

While it is more or less conjectural the defendants apparently on their part set out to unionize the theatre in their various affiliations at the same time.

Matters came to a head when Pierce, a projectionist employee of the plaintiff was discharged upon return from his vacation. The reason given by the plaintiff was that he had carelessly used or left to be used on the projectors a dirty oil can and this had caused a breakdown of the projectors.

Pierce had been in the employ of the plaintiff between five and six years, his work had never been complained of before, and he has testified that the oil can was not dirty and would not have caused the trouble. He was not questioned about the matter before his discharge.

Pierce had filed an application for membership in the defendant union in May of this year and received his card dated July 13. After his discharge agents of the defendants interviewed the plaintiff's President about Pierce's reinstatement and a recognition of their union by the plaintiff.

The plaintiff refused to consider the matter and the defendants' local called a strike at once of all members of its union in the plaintiff's employ. The pickets referred to were posted and to counteract their effect the plaintiff posted a "sandwich" man bearing a placard "No labor troubles here. We employ union men."

As has been stated, these facts indicate that the statements on the defendant's placards are true and further that the strike was legal.

The plaintiff contends, however, that whatever the facts the defendants have no right to parade them before its theatre for they are in the nature of an illegal boycott. The boycott statute, **G. S. Sec. 6208,** is predicated upon intimidation and of that there is no evidence in the instant case.

Boycott, as defined by Oaks (Organized Labor and Industrial Conflicts) is in character a nuisance, "the existence of which is dependent on the degree of annoyance inflicted upon those to whom the plaintiff looks for patronage and the actionable quality of which depends upon the point at which the right to conduct one's business without interference ceases to be regarded as merely a permissive right and becomes a

prohibited right."

Applying this definition to the instant case, it may be said that quite likely the display of the placards would affect the attendance of the theatre by members of, or sympathizers with, the defendants and their affiliations, but the evidence is not sufficient for me to find that the picketing has reached, or will reach, a stage where it in fact constitutes an annoyance of the plaintiff's patrons generally.

Considering it from the standpoint of a strike, it has not been shown to be illegal, for the strike appears to be not alone for a recognition of the union but for claimed unfair discharge of a member of the union.

As to the conduct of the pickets in relation to a strike, it was said in **Levy-v Devaney, Inc. vs. International Pocketbook Workers Union, et als., 114 Conn., 319**, that, "The boundary between lawful and unlawful conduct is that between peaceful persuasion and intimidation."

It should be emphasized again that the determination of the question of a violation of the plaintiff's rights by the defendants rests upon the character and extent of annoyance to the plaintiff's patrons generally. In the instant proceeding it has not been established there was such annoyance.

The petition for an injunction is therefore denied.