The defendant Schindler Elevator Corp. (Schindler) has moved (#159) for summary judgment as to counts one and two of the cross-claim filed by co-defendant Westfield Inc.
The facts of this case were outlined in an earlier memorandum of decision dated March 13, 1992.
The cross-claim alleges active/passive negligence, and also seeks contribution from Schindler.
In its motion, Schindler claims that Westfield has failed as a matter of law to state a claim for indemnification. In support of its motion, Schindler asserts that Westfield failed to prove that Schindler was in exclusive control of the escalator as evidenced by: (1) Westfield's injury investigation report; (2) Schindler's maintenance contract; (3) Westfield's answers to requests for admissions; and (4) Westfield's answer to plaintiff Huss's complaint.
In count one of the cross-claim, Westfield alleges: (1) that Schindler failed to maintain the escalator pursuant to its maintenance contract; (2) that Schindler's negligence was the direct and immediate cause of the injury; (3) that Schindler had exclusive control over the maintenance and proper operation of the escalator; and (4) that Westfield had no reason to anticipate Schindler's negligence and relied upon Schindler to maintain and service the escalator in a non-negligent manner. The maintenance contract provides that Schindler "will systematically and regularly reexamine, adjust, lubricate as required, and if conditions warrant, repair or replace" various identified escalator parts. Schindler also agreed to "Maintain proper lubrication at all times, furnish special lubricants compounded to Schindler specifications, clean internal truss structures every two years and maintain all accessory equipment except such items as hereinafter excluded."
These allegations set forth the recognized active/passive dichotomy referenced to in, for example, Burkert v. Petrol Plus of Naugatuck Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990).
 [I]f a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof that the injury resulted CT Page 5470 from the "active or primary negligence" of the party against whom reimbursement is sought. (Citation omitted.) Such proof requires a plaintiff to establish four separate elements: "(1) that the other tortfeasor was negligent; (2) that his negligence rather than the plaintiff's was the direct, immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. (Citations omitted.)
At short calendar, Schindler further argued that Westfield has failed to prove the fifth element for indemnification as set forth in Atkinson v. Berloni, 23 Conn. App. 325, 327, 580 A.2d 84
(1990), namely, that there be "an independent legal relationship between the indemnitor and indemnitee giving rise to a special duty."
Defendant Westfield has sufficiently alleged an action for indemnification against defendant Schindler. The maintenance contract raises issues of Schindler's control over the escalator, and also may provide the basis for finding an independent legal relationship between the parties. See Atkinson, supra, 327. Any determination as to who was in control of the escalator, and therefore who is liable for its alleged malfunction is premature. See State v. Tippetts Abbett-McCarthy-Stratton, 204 Conn. 177, 185,527 A.2d 688 (1987) (control as an element of nuisance is a question of fact); Kirby v. Zlotnick, 160 Conn. 341, 343, 278 A.2d 822
(1971) (control in negligent landlord case is a question of fact). Accordingly, the motion for summary judgment as to count one is denied in that the issue of control is a question of fact for the trier.
Regarding count two, General Statutes 52-572h(c) provides for allocation of damages between all parties against whom recovery is allowed. "There is no need for contribution under [52-572h(c)] because any judgment against a defendant will be for his share of fault only. Each is liable fully for his own negligence but is not liable at all for the negligence of any other defendant." Rondeau v. Ritenour, [5 CSCR 265] 1 Conn. L. Rptr. 413, 414 (1990, Spear, J.).
General Statutes 52-572 (h)(1) provides for a right of contribution in parties who pay more than their proportionate share of the judgment. "Under subsection (h)(1) . . . a right of contribution exists only in parties who end up paying more than their share under a reallocation." Rondeau, supra. A right of contribution does not exist in the original lawsuit. Id.
Thus, Defendant Westfield's claim for contribution is premature. CT Page 5471 Contrary to Westfield's argument that this is a products liability action, and therefore count two is proper, the claim against Westfield is for negligence. Westfield may not seek relief pursuant to the products liability act when the claim against Westfield is for negligence. Accordingly, summary judgment is granted in favor of defendant Schindler on count two of defendant.